LAY, Circuit Judge, concurring.
I agree with the majority that Johnson has failed to show that any one individual, or group of individuals, involved in this appeal acted with deliberate indifference to Johnson’s serious medical needs. However, I write separately to voice my belief that our decision today should not preclude the possibility that a one-month delay between diagnosis and treatment could generate a factual question on this issue.
It is well-settled that Eighth Amendment deliberate indifference may be demonstrated where prison medical personnel know of an inmate’s serious medical need yet fail to respond to it. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997). The factual determination that a prison official had the requisite knowledge of a serious medical need may be inferred from circumstantial evidence or from the very fact that the medical need was obvious. Coleman v. Rahija, 114 F.3d 778, 786 (8th Cir.1997).
In this case, Nurse Sue Akers told Johnson on May 18, 2000 that he had probably sustained a broken or fractured hand. The record therefore supports the conclusion that Akers had knowledge of Johnson’s serious medical need. Although Ak-ers promised Johnson that she would refer him to a doctor, Johnson’s condition was left untreated until his hand was finally examined by a doctor on June 18 — one full month after Akers’ initial diagnosis. Subsequent x-rays revealed that Johnson’s hand was fractured. This delay, coupled with the fact that Johnson fractured his hand during a fight with prison guards, provides enough evidence from which a reasonable jury could infer that Akers failed to take appropriate action to treat Johnson’s hand in retaliation for his earlier altercation with prison officials.
This theory, however, cannot support reversal in this instance because Johnson’s claim against Akers was dismissed by the district court under Fed.R.Civ.P. 4(m). Therefore, without a live claim against Ak-ers before us, Johnson’s argument must fail.